UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Bruce A. Smith,

        Debtor.

Chapter 13

Case No. 12-20458

### OPINION ON MOTION OF THERESA SMITH FOR RELIEF FROM THE AUTOMATIC STAY

This matter came before me on the October 23, 2014 motion of Theresa Smith for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)[1] and 541(d) to obtain a domestic relations order from the Idaho State Court concerning the Public Employee Retirement System of Idaho account of her former spouse, debtor Bruce A. Smith (the "PERSI Account") (Docket Entry ("DE") 56).  The parties briefed the issue and presented oral argument.  Based upon my consideration of the pleadings and the arguments made by the parties, I hereby grant the motion on the following limited basis.

    **I. JURISDICTION AND VENUE.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this district pursuant to 28 U.S.C. § 157(a).   D. Me. Local R.

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

83.6(a). Venue here is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(G).

## II. BURDEN OF PROOF.

The debtor carries the burden of proof on all issues in connection with this relief from stay request. § 362(g).

## III. FACTS.

After nearly 29 years of marriage, the debtor and Ms. Smith were divorced by order of the Idaho State court on February 17, 2011. The divorce decree incorporated a stipulation which divided their property. It specifically determined that the PERSI Account was community property, and that the monies therein would be divided equally between the Smiths subject to certain reductions in Ms. Smith's portion for mortgage payments made by the debtor and the sale of the marital home. If the proceeds from the sale of the marital home were not sufficient to allow the debtor to buy out Ms. Smith's portion of the PERSI Account, then the sale proceeds would be divided equally and Ms. Smith would be entitled, through an approved domestic retirement order[2] ("ADRO"), to half of the account. The marital home eventually sold for less than the secured debt, but, until now, neither party sought to obtain an ADRO from the Idaho State court to divide the PERSI account.

In 2012, the debtor filed for bankruptcy relief under chapter 13 of the Code, scheduling the PERSI Account as an exempt asset owned solely by him and listing Ms. Smith as an unsecured, nonpriority creditor. (DE 1). Ms. Smith filed a timely proof of claim (POC #3) asserting that the debtor was obligated to her for an amount equal to the deficiency on the mortgage for the martial home plus one half of the PERSI Account monthly disbursements. The

---

[2] Idaho Code Ann. § 59-1302 (5B) (2015).

debtor objected and a hearing was held at which Ms. Smith, proceeding pro se, did not attend.

On September 7, 2012, this court issued an order disallowing her claim, finding that it "is a property division and is not a domestic support obligation. Therefore, the obligation to pay for this is dischargeable." (DE 24). There was no appeal of that order.

### IV. DISCUSSION.

What would ordinarily be a simple relief from stay matter is seemingly complicated by this court's earlier order disallowing Ms. Smith's claim to the PERSI Account. Upon closer examination, though, that order does not necessarily mean that the pending motion must fail. It is undeniable that this court entered a valid, final, and unappealed order finding that any claims Ms. Smith may have in the debtor's interest in the PERSI Account are discharged as property distributions incident to their divorce. However, a critical question remains unanswered: whether Ms. Smith's interest in the PERSI Account was separate property when the debtor filed his petition? Granting relief from stay to permit her to obtain that answer is practical and sensible.

This decision does not constitute a prohibited reconsideration of a previously disallowed proof of claim. *In re Gonzalez*, 490 B.R. 642, 649 (B.A.P. 1st Cir. 2013). Nor is it a determination that Ms. Smith has any separate interest in the PERSI Account as relief from stay hearings are not designed to determine "the merits of the underlying substantive claims, defenses, or counterclaims." *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994). It is not clear to me whether the divorce decree alone divided the PERSI Account so that the debtor was divested of his interests in the portion of the PERSI Account awarded to Ms. Smith in the stipulation, or if the decree merely entitled Ms. Smith to pursue ownership to that portion of the PERSI Account. That determination lies at the intersection of Idaho family law and the laws protecting the ownership of retirement funds. If, under Idaho law, Ms. Smith's

failure to obtain the ADRO means that her sole interest in the PERSI Account was merely as a property settlement claim incident to the divorce, that claim was disallowed and discharged by the September 7, 2012 order. *See, In re King*, 214 B.R. 69, 81 (Bankr. D. Conn. 1997). Conversely, if the PERSI Account was effectively divided into separate property upon the entry of the divorce decree, Ms. Smith's portion belongs to her alone, and it never became property of the bankruptcy estate. Thus, the debtor's bankruptcy action would not impair her efforts to recover it. *See, In re Combs*, 435 B.R. 467, 474 (Bankr. E.D. Mich. 2010). The answer to this question requires an examination of the facts, which are not disputed, and application of Idaho law. Although I have the authority to decide this issue, I conclude that the better place for that determination lies with the Idaho state court given its expertise in matters of Idaho family law and the Public Employee Retirement System of Idaho.

For these reasons, Ms. Smith's motion shall be granted only to permit her to seek a determination from the Idaho State court whether a portion of the PERSI Account was her separate and distinct property as of the date of his bankruptcy filing, April 23, 2012. If that court finds in her favor, relief is further granted, to the extent that it is required, for her to take whatever further lawful actions she deems necessary in connection with her separate property.

A separate order shall enter.